```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                     CHARLOTTE DIVISION
                      3:05CV329-MU-02
```

| | |
|---|---|
| RODERICK WILLIAMS,           )<br>    Plaintiff,             )<br>                              )<br>     v.                       )<br>                              )<br>LYLE YURKO, Private At-      )<br>   torney; and               )<br>WENDALL EDWARDS, Private    )<br>   Investigator,             )<br>    Defendants.              )<br>_____) | ORDER |

**THIS MATTER** comes before the Court for an initial review of the plaintiff's Complaint, brought under 42 U.S.C. §1983, filed July 20 2005. For the reasons stated herein, such Complaint will be dismissed.

As best as can be determined from the plaintiff's Complaint, defendant Yurko represented him in a criminal prosecution in this Court in 2003. On that occasion, the plaintiff reportedly paid Mr. Yurko $20,000 for his services and, at Yurko's suggestion, he paid an additional amount between $5,000 and 10,000 for the investigative services of defendant Edwards. However, the plaintiff subsequently requested that Mr. Yurko withdraw from his case for his alleged failure to take certain actions which the plaintiff had directed. In addition, the plaintiff claims that on numerous occasion the defendants "verbally assaulted" him by threatening him and making other remarks.

In any event, this Court reportedly removed Mr. Yurko from the case and directed Yurko to refund $10,000 to the plaintiff. Now, however, the plaintiff has filed the instant civil rights action, asking the Court to award him an additional $8,000 refund based upon the $10,000 which he reportedly paid Yurko to represent him in State court; and to award him another $15,000 from Yurko and Edwards due to their failure to provide the services which they promised to provide.

Notwithstanding his apparent beliefs to the contrary, it is apparent from the foregoing that the plaintiff has failed to state a constitutional claim for relief under 42 U.S.C. §1983. Therefore, the Court shall <u>dismiss</u> the instant Complaint forthwith.

Indeed, it is well settled that neither a privately retained investigator or attorney, nor court-appointed counsel or a public defendant are subject to liability under 42 U.S.C. §1983 absent a showing that counsel was acting under "color of law" at the time of the alleged deprivation. <u>Hall v. Quillen</u>, 631 F.2d 1154 (4th Cir. 1980)(affirming dismissal of 42 U.S.C. §1983 action against court-appointed attorney as lacking "state action" and therefore failing to state a claim); <u>and</u> <u>Deas v. Potts</u>, 547 F.2d 800 (4th Cir. 1976) (affirming dismissal of 42 U.S.C. §1983 action against retained counsel). That is, the plaintiff's allegations simply are not a matter of federal concern.

Rather, the facts of this case suggest that this is a matter

which might be more appropriately directed to the attention of the North Carolina State Bar in Raleigh. The mailing address for that agency is:

> The North Carolina State Bar
> 208 Fayetteville Street Mall
> Post Office Box 25908
> Raleigh, North Carolina 27611

Thus, inasmuch as the plaintiff has failed to state a cognizable claim under 42 U.S.C. §1983 against Mr. Yurko or Mr. Edwards, this matter must be <u>dismissed</u>.

**IT IS THEREFORE ORDERED THAT** the instant Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

**Signed: July 25, 2005**

Graham C. Mullen
Chief United States District Judge